**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATIE L. BECKETT, | |
|     Plaintiff, | |
| v. | Case No. 1:19-cv-06412 |
| EQUIFAX INFORMATION SERVICES LLC, | |
|     Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, KATIE L. BECKETT, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, EQUIFAX INFORMATION SERVICES LLC, alleging and complaining as follows:

## NATURE OF THE ACTION

1.      This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      KATIE L. BECKETT ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

1

7.     EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

8.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

10.     On June 1, 2006, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $3,513.00.

11.     On June 22, 2006, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $262.00.

12.     On June 22, 2006, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $3,240.00.

13.     On September 1, 2006, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $42,051.00.

14.     On September 27, 2006, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $5,500.00.

15.     On September 4, 2007, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $5,500.00.

16.     On August 25, 2008, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $2,291.00.

17.     On August 25, 2008, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $8,500.00.

18.     On August 24, 2009, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $5,500.00.

19.     On August 24, 2009, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $8,500.00.

20.     On May 24, 2012, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $4,250.00.

21.     On August 13, 2012, Plaintiff applied for and obtained an education loan from U.S. Department of Education in amount of $12,000.00.

22.     In February 2013, Plaintiff's education loan accounts were sold/transferred away from U.S. Department of Education.

23.     Plaintiff obtained an Equifax 3-Bureau Credit Report.

24.     Plaintiff learned U.S. Department of Education continued to furnish monthly payment amounts on Plaintiff's education loan tradelines.

25.     On February 18, 2019, Plaintiff sent credit dispute letter to Equifax by First-Class Mail®.

26.     Plaintiff's credit dispute letter articulated Plaintiff's concerns as well as requested that Equifax investigate U.S. Department of Education's inaccurate furnishing.

27.     Equifax received and promptly notified U.S. Department of Education of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

28.     On or around March 27, 2019, Equifax mailed Plaintiff dispute results.

29.     Plaintiff's Equifax dispute results stated, in part:

>>> *We have researched the credit account.  Account # - 70000188080*  **The results are**: Accounts reporting as transferred or sold are considered closed.  THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION.  If you have additional questions

about this item please contact: ***U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202 Phone: (800) 848-0979***

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $75
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

>>> ***We have researched the credit account. Account # - 70000188080\* The results are***: Accounts reporting as transferred or sold are considered closed. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202 Phone: (800) 848-0979***

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $46
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

>>> ***We have researched the credit account. Account # - 325806\* The results are***: Accounts reporting as transferred or sold are considered closed. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202 Phone: (800) 848-0979***

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $50
Date Closed:
ADDITIONAL INFORMATION: Account Transferred or Sold

>>> ***We have researched the credit account. Account # - 70000188080\* The results are***: Accounts reporting as transferred or sold are considered closed. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202 Phone: (800) 848-0979***

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $29
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

>>> ***We have researched the credit account. Account # - 325806\* The results are***: Accounts reporting as transferred or sold are considered closed. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202 Phone: (800) 848-0979***

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $444
Date Closed:
ADDITIONAL INFORMATION: Account Transferred or Sold

>>> ***We have researched the credit account. Account # - 70000188080\* The results are***: Accounts reporting as transferred or sold are considered closed. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions

about this item please contact: **_U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202_**
**_Phone: (800) 848-0979_**

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $75
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

**>>> _We have researched the credit account. Account # - 70000188080*  The results are_:**
Accounts reporting as transferred or sold are considered closed.  THE FOLLOWING FIELDS
HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION.  If you have additional questions
about this item please contact: **_U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202_**
**_Phone: (800) 848-0979_**

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $97
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

**>>> _We have researched the credit account. Account # - 70000188080*  The results are_:**
Accounts reporting as transferred or sold are considered closed.  THE FOLLOWING FIELDS
HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION.  If you have additional questions
about this item please contact: **_U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202_**
**_Phone: (800) 848-0979_**

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $67
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

**>>> _We have researched the credit account. Account # - 70000188080*  The results are_:**
Accounts reporting as transferred or sold are considered closed.  THE FOLLOWING FIELDS
HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION.  If you have additional questions
about this item please contact: **_U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202_**
**_Phone: (800) 848-0979_**

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $97
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

**>>> _We have researched the credit account. Account # - 70000215177*  The results are_:**
Accounts reporting as transferred or sold are considered closed.  THE FOLLOWING FIELDS
HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION.  If you have additional questions
about this item please contact: **_U S Department of Edu Afsa, PO Box 7202, Utica, NY 13504-7202_**
**_Phone: (800) 848-0979_**

Activity Designator: Transfer/Sold
Scheduled Payment Amount: $50
Date Closed: 02/2013
ADDITIONAL INFORMATION: Account Transferred or Sold

## **DAMAGES**

30.     Undeniably, inaccurate reporting of Plaintiff's educational loan accounts continue to portray an untruthful and damaging depiction of Plaintiff in that they produce a materially misleading impression that Plaintiffs remains obligated to U.S. Department of Education years after these loans were paid in full, sold, or transferred.

31.     Inaccurate credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

32.     Inaccurate credit reporting has rendered Plaintiff helpless to regain control of her credit standing and creditworthiness.

33.     Plaintiff has been forced to file this case to compel Equifax to report Plaintiff's education loan accounts accurately.

## **CLAIMS FOR RELIEF**

### **Count I:**
### **Equifax violation(s) of 15 U.S.C. § 1681 *et seq.***

34.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.     Equifax's failure to follow reasonable procedures**

35.     Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

36.     Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

37.     Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

38.     Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.      Equifax's failure to conduct a reasonable investigation**

39.     Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

40.     Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

41.     Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to U.S. Department of Education before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

42.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

43.     Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

44.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(1)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

45.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

46.    Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B.    award any actual damages to Plaintiff as a result of Equifax's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

8

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 26, 2019

**KATIE L. BECKETT**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com